812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence WASHINGTON, Plaintiff-Appellant,
v.
Robert TURNER, et al., Defendants-Appellees.
 No. 86-5936.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1987.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court for consideration of the motion to dismiss filed by the Attorney General for the State of Tennessee. Appellant has not responded thereto.
 
 
 2
 On January 24, 1986, appellant filed his complaint, apparently pursuant to 42 U.S.C. Sec. 1983. The basis for appellant's complaint is his allegation that his employment at the Hospital Kitchen of the Tennessee State Penitentiary was terminated because he is black. On June 10, 1986, the district court entered an order granting appellee Turner's motion to consolidate appellant's action with several other similar prisoner civil rights actions. On July 11, 1986, the district court entered a "Fifth Draft Order of Settlement".
 
 
 3
 A review of the draft "order" reveals that it is not a final order. The draft "order" does not finally dispose of all issues in the case; it describes the interim relief pending approval of the plan contemplated by the order, and allows for objections to the proposed plans. As such, the draft "order" is remedial in nature and nonappealable. Cf. Groseclose v. Dutton, 788 F.2d 356 (6th Cir.1986). See also In re Chicken Antitrust Litigation, etc., 669 F.2d 228 (5th Cir.1982).
 
 
 4
 For the reasons stated, the district court order of July 11, 1986, is nonappealable. The motion to dismiss is granted and this appeal is hereby dismissed.